IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MULLANE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZURICH AMERICAN ) <br> INSURANCE COMPANY and ) <br> A MEDIUM CORPORATION ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: 18-cv-12412 <br><br><br> March 6, 2019 |

### DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S OPPOSITION TO NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Zurich American Insurance Company ("Zurich American") opposes the so-called "Notice of Supplemental Authority" filed by Plaintiff Mullane ("Notice"). [Doc. No. 34]. The Notice is actually improper additional argument related to Zurich American's Motion to Dismiss that violates Local Rule 7.1(b)(3) and Local Rule 83.5.5(d) of the District of Massachusetts. Mullane could have cited this authority in his Opposition to Motion to Dismiss, which would have provided Zurich American the opportunity to respond during oral argument.

More importantly, Mullane's argument, once again, misrepresents and conflates the corporate distinctions between Zurich American, Zurich Investment Management ("Zurich Investment") and Zurich Insurance Group. Mullane argues that a European executive with roles at non-defendant Zurich Investment and within the non-defendant Zurich Insurance Group, was somehow speaking for "Zurich American" as the principal. Notice, p.1, n.1. As demonstrated in the Motion to Dismiss, Zurich Insurance Group is the overarching holding company. Down one strand of European corporate entities from Zurich Insurance Group is non-defendant Zurich Investment. Down a separate strand of North American corporate entities is Zurich American.

1

Zurich American is separate from Zurich Investment. There is no plausible allegation that a Zurich Investment executive was really a Zurich American executive and that Zurich American was the principal of Zurich Investment or Zurich Insurance Group. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Finally, the two cases from which Plaintiff argues are distinguishable. In *Dempsey v. Chambers*, 154 Mass. 330 (1891), the transaction at issue began by the plaintiff ordering goods from the defendant and the defendant later affirmatively assented to, and thereby ratified, the actions of a third party who undertook to deliver defendant's goods. Here, Mullane did not engage in any transaction with Zurich American (or Zurich Investment or Zurich Insurance Group), Mullane does not allege Goex was furthering a Mullane-Zurich American transaction, and the European executive of another company made no affirmative act to ratify the acts of Goex. In *Nims v. Mount Herman Boys' School*, 160 Mass. 177 (1893), the alleged tortious act was *ultra vires* from the defendant's charter and the defendant was alleged to have ratified *its own* conduct. Here, Mullane does not allege that Zurich American engaged in any acts, *ultra vires* or otherwise, or later ratified its own acts. All acts alleged were taken by Goex and there is no plausible allegation that Zurich American asserted ownership for those acts or ratified them.

Respectfully submitted,

DEFENDANT
ZURICH AMERICAN INSURANCE COMPANY

Dated: March 6, 2019

By: /s/ Michael Menapace
Michael Menapace, Esq. – BBO# 568841
Catherine M. Baiocchi – *Pro Hac Vice*
WIGGIN AND DANA LLP
20 Church Street
Hartford, CT 06103
860-297-3733
mmenapace@wiggin.com
cbaiocchi@wiggin.com
*Its Attorneys*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Michael Menapace
Michael Menapace